UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>v.<br><br>LAURA BYNUM, et al.,<br><br>Defendants. | No. 2:20–cv–2481–TLN–KJN PS<br><br>ORDER<br><br>(ECF No. 26) |

Plaintiff is proceeding without counsel and in forma pauperis in this civil rights action against the Siskiyou County Clerk-Registrar of Voters and two Siskiyou County residents.[1] Two of the defendants, Laura Bynum and Robert Puckett, Sr., have a pending motion to dismiss plaintiff's first amended complaint, set for remote hearing on January 25, 2022.[2] (ECF Nos. 18, 19, 24.)

On December 6, 2021, plaintiff filed a motion to strike portions of defendant Bynum's materials in support of the motion to dismiss, under Federal Rule of Civil Procedure 12(f). (ECF

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. This case was reassigned to the undersigned upon the recusal of the previously assigned magistrate judge. (ECF No. 10.)

[2] The third defendant, Robert Winston, has yet to enter an appearance in this case, and the court is awaiting word from the U.S. Marshal as to the status of service on him.

1

No. 26.)  Plaintiff requests that the court strike certain portions of defendant Bynum's brief in support of the motion, and "misleading matters" in Bynum's accompanying request for judicial notice and declaration of Jeffrey Chiao.  (Id.; see ECF Nos. 18.1 – 18.3.)  On December 15, 2021, defendant Bynum filed an opposition.  (ECF No. 27.)

Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  "Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike."  Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Rule 7(a) limits the definition of "pleadings" to complaints, third-party complaints, answers, and replies to answers.  Fed. R. Civ. P. 7(a).

"[A] 'motion to strike' must be aimed at the parties' pleadings, not the text within the parties' briefs."  Exxon Mobil Corp. v. New W. Petroleum L.P., No. CIV. 03-02222 WBS EFB, 2008 WL 2561599, at *1 (E.D. Cal. June 26, 2008).  Such motions also cannot be used to strike an affidavit or declaration, as these are not pleadings.  See Yount v. Regents University, Inc., 2009 WL 995596, at *11-12 (D. Ariz. 2009) (denying motion to strike affidavit because an affidavit is not a pleading (citing Fed. R. Civ. P. 7(a), 12(f)); Utley v. Continental Divide Outfitters, 2009 WL 631465, at *2 (D. Idaho Mar. 10, 2009) (noting that Rule 12(f) "cannot be used to strike an affidavit").  For the same reason, plaintiff's motion also is not properly brought with respect to defendant Bynum's request for judicial notice.  Although technically filed on the docket, such a request for judicial notice is just that: a request.

Accordingly, plaintiff's motion to strike is denied and no further briefing is required.  However, plaintiff is free to include her present arguments in her forthcoming brief in opposition to the pending motion to dismiss, if she wishes.  C.f., New W. Petroleum, 2008 WL 2561599, at *1 ("Rather than attempt to strike, add, modify, or rewrite portions of the parties' briefs, the preferable approach is simply for the court to ignore arguments in the briefs which are irrelevant to the issues.").  Plaintiff's opposition to the pending motion to dismiss remains due on or before January 4, 2022, as previously set.

///

**ORDER**

It is HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 26) is DENIED as procedurally improper; and

2. The hearing on that motion noticed for January 5, 2022, is VACATED.

Dated:  December 20, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

olso.2481

3